# Civil Rights Consortium

**MEMO ENDORSED**

June 8, 2021

**BY ECF**
Hon. Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Granted. Plaintiff's deadline to file her amended complaint is hereby extended to June 14, 2021. Defendants shall now answer or otherwise respond by July 6, 2021. If Defendants move to dismiss the complaint, Plaintiff's opposition will be due July 27, 2021, and Defendants' reply will be due August 3, 2021. The Clerk of Court is respectfully directed to terminate the motion. Doc. 27.
>
> So ordered.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 6/8/2021
> New York, New York

RE: **Cesiro v. Rite Aid, et al.,**
Civil Action No. 20-10519(ER)

Dear Judge Ramos,

Please accept this letter application in support of the Plaintiff's application to file her First Amended Complaint ("FAC"). I inquired whether the Defendants would consent, but they claimed that after 11 days, they had been irreparably harmed. Despite such opposition, for the reasons that follow, I respectfully request that the Court accept the belated following.

I inadvertently recorded the FAC as being due within 30 days, not 14 days. When I checked to compare the timelines, is when I realized the error. I inquired of Defense Counsels' consent to allow the Plaintiff six (6) more days until June 14 for such filing. However, both responded claiming all manner of unreasonableness. For example, the Defendant Rite Aid opposed the request even though the amendment is regarding the Defendant 1199's claims of insufficiency. Whether Ms. Cesiro filed her FAC eleven (11) days ago, or six (6) days from now, simply does not affect Rite Aid's analysis; Rite Aid will move to dismiss no matter what. Nonetheless, Rite Aid claimed it too was irreparably harm. The Defendants are a team; they were working together during the grievance process and Rite Aid's objection to a delay that does not in any way factor into its decision-making process just so it could support 1199, is merely proof of such.

89-07 JAMAICA AVENUE, WOODHAVEN, NY 11421
T (855) 246-2776 (MAIN) * (347) 508-3497 (DIRECT)
WWW.CIVILRIGHTSCONSORTIUM.COM

The FAC merely makes clear that which 1199 knows, which is that Ms. Cesiro's BDF is timely. Ms. Cesiro's BDF was filed less than six (6) months after 1199 made its final decision to deny arbitration as to the underlying grievance. The argument that Ms. Cesiro should have claimed BDF against 1199 on Day 17 of the process or at any time during the grievance process, where the CBA mandated that Rite Aid provide Ms. Cesiro with notice of the basis for her termination and where 1199 represented Ms. Cesiro throughout the entire grievance process, is diametrically opposed to the applicable law. *First*, the injury was not complete. It is well settled law that Ms. Cesiro *had a duty* to exhaust internal union procedures before bringing a claim of breach of the duty of fair representation. *Clayton v. Automobile Workers, 451 U.S. 679 (1981)*. Moreover, during that time, so long as Ms. Cesiro followed 1199's instructions as to exhausting the internal union procedures, which she did, the time for bringing a breach of duty of fair representation is tolled. *Austin v. General Motors Corp., 152 LRRM 3041 (WDNY 1995)*. *Second*, since 1199 represented Ms. Cesiro throughout the entire grievance process, she cannot be called upon to make a claim for breach of the duty of fair representation at any point during that period of representation. *Ghartey v. St. John's Queens Hospital, 869 F.2d 160 (2d Cir. 1989)*.

Similarly, 1199's claim that it needs more specificity in the complaint as to its arbitrariness, is disingenuous. Certainly, the FAC does provide such specificity. However, the applicable law is unambiguous, 1199's failure to perform a procedural or ministerial act (i.e., demanding that Rite Aid disclose the basis for Ms. Cesiro's termination as required by the CBA: expeditiously), which is needed to assess the merits of a union member's claims and defenses, constitutes arbitrariness for purposes of breaching a duty of fair representation. How could 1199 assess Ms. Cesiro's claims and defenses if it did not require Rite Aid to disclose its alleged basis for terminating Ms. Cesiro. To quote a popular euphemism, 1199 was "flying blind," and refused to do anything about so doing. The law is clear, that question required discovery and should not be subjected to summary disposition.

Respectfully Submitted,

*E. Dubois Raynor, Jr.*
Earl Dubois Raynor, Esq.

**BY ECF**
Robert H. Stroup, Esq.
LEVY RATNER
Attorneys for 1199
80 Eighth Avenue, 8th Floor
New York, NY 10011-7175

Jonathan A. Wexler, Esq.
Vedder Price P.C.
1633 Broadway, 31st Floor
New York, New York 10019